UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WILLIAM COLE,**

    **Plaintiff,**

v.      CASE NO. 8:08-CV-2377-T-EAJ

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

## ORDER

Before the court are Plaintiff's **Petition for Attorney's Fees** (Dkt. 29), Plaintiff's **Attorney's Affidavit in Support** (Dkt. 29 at 5), Defendant's **Response** (Dkt. 30), and Plaintiff's **Affidavit in Support of Plaintiff's Petition for Attorney's Fees** (Dkt. 32). Plaintiff requests an award of attorney's fees in the amount of $3,437.12 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (1992). Plaintiff seeks attorney's fees for 2.75 hours of work in 2008 at a rate of $165.00 per hour and 2.9 hours of work in 2009 at a rate of $169.51 per hour by attorney Michael Steinberg ("Steinberg"). Plaintiff also seeks attorney's fees for 15 hours of work in 2009 at a rate of $169.51 per hour by Fernando Narvaez ("Narvaez").

Defendant opposes Plaintiff's request for attorney's fees. Specifically, Defendant argues that because Narvaez is not licensed to practice law in Florida and he did not appear specially in this case, Narvaez's hours should be disallowed.[1] Defendant also asserts that, should the court award fees for Narvaez's work, the fees should be paid directly to Plaintiff.

---

[1] Defendant incorrectly contends that Plaintiff is requesting 14.60 hours of work performed by Narvaez in 2009 at a rate of $174.00 per hour (Dkt. 30 at 1).

The court deferred ruling on the petition pending the filing of notice by Plaintiff advising the court whether Narvaez is a member in good standing of the Florida bar and/or a member in good standing of the bar of any District Court of the United States. On May 21, 2010, Plaintiff filed an affidavit in support of petition for attorney's fees asserting that Narvaez was admitted to practice in Florida on April 30, 2010 (Dkt. 32 at 1, Narvaez Affidavit, ¶ 1).

The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not "substantially justified," unless special circumstances make an award unjust. § 2412(d)(1)(A). This court's order remanding this case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) (Dkt. 28) entitles Plaintiff to prevailing party status under the EAJA because Plaintiff obtained a "sentence four" judgment. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993). In this case, the Government's position was not substantially justified.

The EAJA requires a party seeking an award of fees to submit an application for such fees to the court "within thirty days of final judgment in the action." § 2412(d)(1)(B). The EAJA defines "final judgment" as a judgment that is "final and not appealable." § 2412(d)(2)(G). Thus, in sentence four cases, the period for requesting an award of fees begins after the final judgment is entered by the court and the appeals period has run, so that the judgment is no longer appealable. Schaefer, 509 U.S. at 298. See also Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Boronat v. Sullivan, 788 F. Supp. 557, 559-60 n.3 (S.D. Fla. 1992) (thirty-day period for filing EAJA application for attorney's fees begins after the court enters final judgment and the sixty-day appeals period has run).

Judgment for Plaintiff was entered on September 28, 2009 (Dkt. 28) and Plaintiff's motion

for attorney's fees was filed on December 28, 2009. Accordingly, this court has jurisdiction to award the requested fees.

Defendant does not dispute Steinberg's entitlement to recover EAJA fees. However, Defendant argues that special circumstances make an award of attorney's fees for Narvaez's work unjust. Defendant asserts that, pursuant to Local Rules 2.01 and 2.02, Narvaez was required either to be admitted to practice in Florida or to request special admission to act as counsel for Plaintiff (Dkt. 30 at 2).[2] The special circumstances provision set forth in the EAJA should be "narrowly construed" and a defendant opposing an award of attorney's fees bears the burden of proving the existence of special circumstances. Martin v. Heckler, 773 F.2d 1145, 1149-50 (11th Cir. 1985).

In this case, Steinberg is Plaintiff's counsel of record; Steinberg signed and filed Plaintiff's brief and Plaintiff's application for attorney's fees. Narvaez's work for Plaintiff was limited to legal research and brief writing under Steinberg's supervision (Dkt. 32, Narvaez Affidavit, ¶ 8). Additionally, Narvaez is a member of the Florida bar, as the supplemental filing now reflects. (Dkt.

---

[2] Local Rule 2.01(a) provides that "[n]o person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this rule." Local Rule 2.01(a), M.D. Fla. Local Rule 2.02(a) provides in pertinent part that:
> Any attorney who is not a resident of Florida but who is a member in good standing of the bar of any District Court of the United States; outside Florida, may appear specially as counsel of record; without formal or general admission; provided however, such privilege is not abused by appearances in separate cases to such a degree as to constitute the maintenance of a regular practice of law in Florida . . .

Local Rule 2.02(a), M.D. Fla.

32, Narvaez Affidavit, ¶ 1). Defendant has not shown that special circumstances warrant denial of compensation for the services of Narvaez.

Finally, Plaintiff requests that the fee award be paid directly to Plaintiff's attorney. The Eleventh Circuit has held that the EAJA statute unambiguously requires an attorney's fee award to be paid directly to the prevailing party and not to the party's attorney. <u>Reeves v. Astrue</u>, 526 F.3d 732, 735 (11th Cir. 2008). However, in this case, Plaintiff has assigned the EAJA award to Plaintiff's counsel (Dkt. 29-5). Citing to <u>Reeves</u>, Defendant argues that because Plaintiff did not execute an assignment of fees with Narvaez, the fee award for Narvaez's work should be paid directly to Plaintiff. The court does not interpret <u>Reeves</u> as mandating the execution of a separate assignment agreement between Plaintiff and a contract attorney hired by Plaintiff's counsel to perform brief writing services as a prerequisite for the recovery of attorney's fees by a contract attorney. Therefore, the fee award is payable directly to Plaintiff's counsel.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff's **Petition for Attorney's Fees** (Dkt. 29) is **GRANTED**; and

(2) Plaintiff is awarded $3,437.12 in attorney's fees, to be paid directly to Plaintiff's counsel Michael Steinberg.

**DONE AND ORDERED** in Tampa, Florida this 24th of May, 2010.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

4